IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MATTHEW DEAN HEWITT (01),<br><br>        Defendant. | Case No. 14-40073-01-DDC |

**MEMORANDUM AND ORDER**

Defendant filed a motion (Doc. 58) asking the court to maximize his potential future stay at a residential reentry center (RRC) near Wichita, Kansas. The court entered an Order directing that the United States file a Response by July 7, 2021. *See* Doc. 59. The government never responded. For reasons explained below the court concludes it lacks authority to grant the relief Mr. Hewitt seeks.

**I.     Legal Standard**

"Section 3621(b) provides that the BOP has the authority to designate where an inmate will be imprisoned and to direct his or her transfer to another facility, including RRCs and CCCs." *Garza v. Davis*, 596 F.3d 1198, 1201 (10th Cir. 2010) (citing 18 U.S.C. § 3621(b)). "By statute, the Bureau of Prisons (BOP) is directed to transfer prisoners to a [RRC] as they approach the end of their sentences in an effort to better prepare the inmates for reentry into the community." *United States v. Gonzalez*, No. CR 18-1255 RB, 2020 WL 4201856, at *1 (D.N.M. July 22, 2020). The Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that

term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The BOP Director's "duty to comply with 18 U.S.C. § 3624(c)(1) exists independently of any specific court recommendation or order." *United States v. Johnson*, No. 11-10204-01-JTM, 2019 WL 2501868, at *1 (D. Kan. June 17, 2019) (citing 18 U.S.C. § 3624(c)(6)). And a "district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period." *Gonzalez*, 2020 WL 4201856, at *2 (first citing *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469–70 (10th Cir. 1992) *cert. denied* 510 U.S. 830 (1993); then citing *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991)).

**II.     Discussion**

Mr. Hewitt is serving a 110 month sentence of imprisonment for violating 18 U.S.C. § 922(g). His projected release date is March 8, 2023. Matthew Dean Hewitt, Reg. No. 25047-031, https://www.bop.gov/inmateloc/ (last visited Sept. 1, 2021). He now asks the court to recommend that BOP send him to the RRC in Wichita, Kansas. Doc. 58 at 3. He explains that his request stems, in short, from his desire to maximize his "chance of a successful return to society." *Id.* at 2. The court commends Mr. Hewitt's focus on improving his circumstances and putting himself in the best environment to succeed. But his motion asks for relief that the court lacks authority to provide. This is so for several independent reasons.

*First*, the court generally lacks power over RRC placement decisions. A "district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period." *Gonzalez*, 2020 WL 4201856, at *2; *see also Akina v. United States*, No. 16-CR-2009 KWR, 2020 WL 6342776, at *2 (D.N.M. Oct. 29, 2020) (surveying cases). Mr.

Hewitt thus must deliver his requests about duration or location in an RRC stay to the BOP, not the court. *See id.* (denying defendant's Motion for Judicial Recommendation asking district court to recommend to BOP a twelve-month RRC placement).

*Second*, Mr. Hewitt identifies no procedural vehicle that properly can convey his request. It is his burden to show that this matter falls within the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also United States v. James*, 728 F. App'x 818, 822–23 (10th Cir. 2018); *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (Sutton, J.) (affirming district court's dismissal of post-conviction motion where, among other reasons for lack of jurisdiction, defendant "fails to identify any statute that would empower the district court to act"). He hasn't shouldered this burden.

*Third*, even if the court liberally construed Mr. Hewitt's motion as one under 28 U.S.C. § 2241, the court still would lack subject matter jurisdiction because he's filed it in the wrong court. Some courts have entertained motions under 28 U.S.C. § 2241 challenging BOP's pre-release RRC or CCC placement decisions. *See Lee v. Eng.*, No. 19-3029-JWL, 2019 WL 3891147, at *10 (D. Kan. Aug. 19, 2019) (surveying cases), *reconsideration denied*, No. 19-3029-JWL, 2019 WL 12074075 (D. Kan. Sept. 4, 2019), *and aff'd sub nom*. *Jones v. Eng.*, 817 F. App'x 580 (10th Cir. 2020). The court might liberally construe the pending pro se motion as one proceeding under 28 U.S.C. § 2241. But this court would lack subject matter jurisdiction to hear Mr. Hewitt's § 2241 motion because only the court in the judicial district of confinement enjoys that jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Mr. Hewitt is confined in Pennsylvania.

*Finally*, even if he had a procedural vehicle to bring it, Mr. Hewitt's request suffers from a standing defect based on ripeness. A BOP memorandum instructs staff "to review inmates for

pre-release placements at an earlier time, e.g., seventeen to nineteen months before their projected release dates, and to consider pre-release inmates on an individual basis using the five factors from 18 U.S.C. § 3621(b)." *Garza*, 596 F.3d at 1202–03.  Mr. Hewitt's projected release date is still some 18 months away, so that review period has not expired yet.  And, Mr. Hewitt does not assert that the BOP has made a final decision about his RRC placement.  Whether Mr. Hewitt will sustain any injury is not yet known because this matter involves uncertain future events.  Thus, Mr. Hewitt's claim is not ripe.  *See Jones v. Eng.*, 817 F. App'x 580, 584 (10th Cir. 2020) (agreeing with district court's dismissal of defendant's claim for prerelease consideration under 18 U.S.C. § 3624(c) as not ripe for adjudication where defendant's projected release date was more than seventeen to nineteen months away and BOP staff were not required to review his request).  Since the claim is not ripe, Article III standing is absent, and the court thus lacks subject matter jurisdiction.

### III.    Conclusion

As recited above, multiple independent reasons lead the court to conclude that it lacks subject matter jurisdiction over Mr. Hewitt's motion.  It thus must dismiss it accordingly.

In closing, the court notes that Mr. Hewitt asserts that he has served more than eight years of his nine year plus sentence.  He has held employment and also reports that he "actively programmed" during his time in custody.  Doc. 58 at 2.  Mr. Hewitt also recites that he has completed a drug treatment course and "multiple cognitive courses." *Id*.  Mr. Hewitt shares his plans to use these skills to pursue, when released, a career as a substance abuse counselor.  The court commends Mr. Hewitt for completing these programs.  Commendable as they are, they provide no basis for the judicial intervention he seeks.  The court encourages Mr. Hewitt to express his wishes to his BOP case manager.

5

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hewitt's motion is dismissed for lack of subject matter jurisdiction without prejudice to filing in the proper court a motion under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**Dated this 1st day of September, 2021, at Kansas City, Kansas.**

                                              <u>s/ Daniel D. Crabtree</u>
                                              **Daniel D. Crabtree**
                                              **United States District Judge**